UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

WISCONSIN HUMANE SOCIETY, INC.,

        Plaintiff,

v.                                                    Case No. 09-CV-32

HUMANE MILWAUKEE, INC,

        Defendant.

———————————————————————————

## ORDER

On December 23, 2008, plaintiff filed a complaint against defendant in the Circuit Court for Milwaukee County. The complaint posited four claims: 1) Unfair Competition (15 U.S.C. § 1125(a)); 2) Unfair Competition (Wis. Stat. § 100.20); 3) Common Law Unfair Competition; and 4) Common Law Trademark Infringement. Because the first count "arises under the laws of the United States," defendant removed the entire action to federal court pursuant to 28 U.S.C. § 1441 and § 1446. Subsequent to removal, but prior to defendant filing a responsive pleading, plaintiff exercised its right to amend its complaint. *See* Fed. R. Civ. P. 15(a). The amended complaint does not include the federal claim. Plaintiff now seeks remand of this case to state court. Defendant opposes remand.

When a plaintiff drops its federal claims in order to seek remand, it is within the discretion of the district court whether remand should be granted. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1987); 28 U.S.C. 1367(c)(3). In exercising that discretion, the court is to consider what would "best [serve] the principles of economy, convenience, fairness, and comity which underlie

the [supplemental] jurisdiction doctrine." *Id.* at 357. In the instant case, this action is in its infancy, and the only remaining claims are state law claims. The court accordingly finds that the above principles would best be served through remand to the state court. Furthermore, the court finds *Riley v. Carson Pirie Scott & Co.,* 946 F.Supp. 716 (E.D. Wis.1996) – a case seemingly directly on point, in which remand was granted – to be highly persuasive. Bewilderingly, neither party in the instant case cited or referred to *Riley*. Upon its own examination of *Riley*, this court sees no difference between *Riley* and the instant case, nor is this court aware of any reason, especially given the extreme similarities between the two cases, to issue an opinion contrary to *Riley*.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand this case back to the Milwaukee County Circuit Court (Docket #8) be and the same is hereby **GRANTED.**

The Clerk of the Court is directed to take all appropriate steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge