# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

WISCONSIN HUMANE SOCIETY, INC.,

        Plaintiff,

v.                                                         Case No. 09-CV-32

HUMANE MILWAUKEE, INC.,

        Defendant.

_____

## ORDER

On December 23, 2008, plaintiff filed a complaint against defendant in the Circuit Court for Milwaukee County. The complaint posited four claims: 1) Unfair Competition (15 U.S.C. § 1125(a)); 2) Unfair Competition (Wis. Stat. § 100.20); 3) Common Law Unfair Competition; and 4) Common Law Trademark Infringement. Because the first count "arises under the laws of the United States," defendant removed the entire action to federal court pursuant to 28 U.S.C. § 1441 and § 1446. Subsequent to removal, but prior to defendant filing a responsive pleading, plaintiff exercised its right to amend its complaint. *See* Fed. R. Civ. P. 15(a). The amended complaint did not include the federal claim. Plaintiff thereafter sought remand of the action to state court, arguing that the infancy of the action and the lack of any remaining federal claims weighed in favor of remand. Defendant opposed remand.

Cognizant that "[t]he general rule is that when as here the federal claim drops out before trial, the federal district court should relinquish jurisdiction over the supplemental claim," *Van Harken v. City of Chicago*, 103 F.3d 1346 (7th Cir. 1997)

(emphasis in original), the court, on April 29, 2009, ordered the case remanded to Milwaukee County Circuit Court. The defendant appealed that order to the Seventh Circuit, and then filed in this court a Motion for Stay of Remand Pending Appeal (Docket #21).

The merits of defendant's appeal are purely a question for the Seventh Circuit, not for this court. However, while it is not for this court to decide the merits of defendant's appeal, certainly the merits of that appeal inform the decision whether to grant defendant's motion to stay remand of this case to state court. In this court's opinion, defendant's appeal appears wholly without any merit. Given the crux of plaintiff's complaint – that defendant changed its name to "Humane Milwaukee" in order to cash-in on "Wisconsin Humane Society's" goodwill and name recognition – the court recognizes the potential harmful consequences of purely dilatory actions (namely that defendant could continue trading on plaintiff's name). The court's characterization of defendant's appeal as lacking in merit is based on clearly established Seventh Circuit case law regarding a district court's discretion to remand a case in a situation such as the situation in this case. In *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998), the Seventh Circuit explained:

> This Court has stated that "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Insurance Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727-728 (1966). While there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction

> doctrine-judicial economy, convenience, fairness and comity-will point to federal decision of the state-law claims on the merits," the district judge is given broad power in determining whether such circumstances apply and thus whether it is appropriate to retain jurisdiction over the state law claims. *Wright*, 29 F.3d at 1251. "Pendent jurisdiction is a power which the district court, in the exercise of its sound discretion, may choose to grant; it is not a plaintiff's right." *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 679 (7th Cir. 1990); *see Gibbs*, 383 U.S. at 726. We will reverse a district court's refusal to exercise this power only upon a showing of abuse of discretion. *Landstrom*, 892 F.2d at 679. "Decisions to relinquish pendent jurisdiction are occasionally reversed." *Disher v. Information Resources, Inc.*, 873 F.2d 136, 140-141 (7th Cir.1989) ("A decision to relinquish pendent jurisdiction before the federal claims have been tried is, as we have said, the norm, not the exception, and such a decision will be reversed only in extraordinary circumstances."). In fact, this Court has characterized the district court's discretion to relinquish pendent jurisdiction as "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. *Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir.1989). "At that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." *Id.*

*Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998). Given the broad discretion of the district court as to whether the instant case should have been remanded, as well as the "almost unreviewab[ility]" of that decision, the court finds virtually no merit in defendant's appeal.

Defendant moved this court, not the Court of Appeals, to stay the remand. Defendant's motion requesting the stay does not comply with Civil L.R. 7.1. Namely, the motion does not set forth the rule pursuant to which it is made, nor is it accompanied by a supporting brief or a certificate of counsel stating that no brief or other supporting documents will be filed. Where a movant fails to comply with these requirements, the court may deny the motion as a matter of course.

-3-

Accordingly,

**IT IS ORDERED** that defendant's Motion for Stay of Remand Pending Appeal (Docket #21) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge